PEYTON-PALMER COMPANY

*v.*

STATE OF ILLINOIS.

*Opinion filed May 22, 1914.*

LICENSE FEES—*only one license required to sell chick and scratch food.* Where the manufacturer of chick and scratch food has obtained a license to sell such food in this State, a retailer who buys from such manufacturer, is not required to obtain a license to sell the same.

Lindley, Penwell and Lindley, and Alonzo Hoff, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

The verified declaration of claimant alleges, that the claimant, Peyton-Palmer Company, is a corporation organized and existing under the laws of the State of Illinois, and doing business in the county of Sangamon, as vendors of one brand each, of chick and scratch feed; and that on August 17, 1910, it paid to the defendant, the State of Illinois, $50.00; September 5, 1911, $25.00; December 11, 1911, $50,00, for the year 1912. And, January 18, 1913, $50.00, making a total of $175.00, as a license fee, to vend the one brand each of chick and scratch feed; and that it had bought said feed stuffs outright as a seller, or agents from the Ralston Purina Company of St. Louis, in the State of Missouri, who were the manufacturers; and that it paid said license fee to the defendant, the State of Illinois, under threats of prosecution, under an Act to regulate the sale and analysis of concentrated feeding stuffs, approved May 18, 1905, in force July 1, 1905.

It further alleges, that the Ralston Purina Company of St. Louis, in the State of Missouri, as such manufacturers, had paid a license fee to the defendant, the State of Illinois, on January 31, 1910, on one brand each of chick and scratch feed $25.00; February 23, 1911, one brand chick feed, $25.00; December 30, 1911,

one brand scratch feed, $25.00; January 25, 1912, one brand chick feed, $25.00; January 22, 1913, one brand chick and scratch feed, $50.00.

There being no dispute as to the facts, the only question before this Court, is the construction of section 35, chapter 127B, Hurd's Revised Statutes, to regulate the sale and analysis of concentrated feed stuffs, as to whether or not an agent or seller of a manufacturer, importer or shipper, shall be required to pay such license fee, whenever the manufacturer, importer or shipper, has already paid same, which is the fact in this case.     From the reading of the last clause of said section, it would therefore seem, that the legislature clearly intended, that but one license fee should be paid to the State of Illinois, for the sale, shipping or manufacturing of one certain brand of concentrated feeding stuffs in the State; and, that if the manufacturer, importer or shipper paid the license fee, then the agent or seller of such manufacturer or shipper, would not be required to pay the same.

This license fee, having been paid by the manufacturer, the Ralston Purina Company of the city of St. Louis, State of Missouri, we are clearly of the opinion, under the language of this statute, that claimants were not required to pay the same as sellers, or agents, and are, therefore, entitled to a judgment in the sum of $175.00, and we, therefore, accordingly award claimant, Peyton-Palmer Company, the said sum of $175.00.